## Walker's Executrix v. McNeal's Executor.

(Decided November 24, 1925.)

### Appeal from Warren Circuit Court.

Trusts—Evidence and Stipulation Held to Show that Trustee Accounted to Cestui for Proceeds of Note.—Parties' stipulation, original entry book kept by trustee, and other evidence held to show that trustee accounted to cestui for proceeds of note, which cestui's executor claimed were not placed to cestui's credit, by converting it into Liberty Bonds and cashing them from time to time as cestui's necessities arose.

JOHN L. STOUT and GUY H. HERDMAN for appellant.

CHANEY & DIXON for appellee.

Opinion of the Court by Judge Sampson—Reversing.

For more than thirteen years before the death of Sallie C. McNeal, on October 27, 1921, Samuel A. Walker was her trustee and carried on all her business in her name. He died within a week of the death of Mrs. McNeal. While the trust relation existed Walker handled a considerable number of business transactions for Mrs. McNeal, collected money and deposited it in bank and drew checks in her name against the deposits. There is no charge of fraud or unfair dealing in this case, but this action was brought by the executor of Mrs. McNeal against the executor of Mr. Walker, alleging that by mistake the proceeds of a Murray note for $1,000.00 had not been placed to the credit of Mrs. McNeal in the bank, and praying judgment for that amount. The answer denied that Walker had failed to account for the proceeds of the Murray note or to deposit the same in the bank to the credit of Mrs. McNeal. Further answering the executor of Walker pleaded that the necessities of Mrs. McNeal were greater than the accruing interest on the Murray note would meet, and in order to have money with which to pay Mrs. McNeal's current bills he exchanged the $1,000.00 Murray note for ten $100.00 Liberty bonds, because they were easily convertible into cash, and that thereafter, as the interest of Mrs. McNeal arose, he cashed in the Liberty bonds of $100.00 each until he had sold seven of the ten and deposited the money realized from the bonds to the credit of Mrs. McNeal in the bank and that there remained three bonds unsold which he as executor of Walker turned over to the executor of Mrs. McNeal. These facts are fairly well established by the evidence of the banker and by a stipulation of the parties. The stipulation of parties reads:

"That all of the deposits made to the credit of Mrs. Sallie C. McNeal from January 2nd, 1917, as shown by the statement of the Citizens' National Bank, were made by S. A. Walker.

"Second, that the deposit of $95.00 made to the credit of Sallie C. McNeal on April 8th, 1919, and the sum of $95.00 deposited to the credit of Sallie C. McNeal on July 21st, 1919, and the sum of $95.00 deposited to the credit of Sallie C. McNeal on De-

cember 12, 1919, and the sum of $89.00 deposited to the credit of said Sallie C. McNeal July 8th, 1920, and the sum of $89.51 deposited to the credit of said Sallie C. McNeal on August 27th, 1920, and the sum of $88.50 deposited to the credit of said Sallie C. McNeal on May 5th, 1921, and the sum of $91.92 deposited to the credit of Sallie C. McNeal on August 20th, 1921, were approximately the market value of Liberty bonds on the dates of said deposits, as shown by the attached letter of Childs & Company."

The banker, in substance, stated, and the bank books bear him out, that at stated intervals Walker deposited to the credit of Mrs. McNeal in bank a sum equal to the market value of a $100.00 Liberty bond, and that these funds were used for the benefit of Mrs. McNeal until seven such deposits had been exhausted, and there was no other source from which the money could be derived for Mrs. McNeal. There were also books of original entry in evidence by Walker in his own handwriting, showing the accounts of Mrs. McNeal and that he had exchanged the Murray note for ten Liberty bonds of $100.00 each and had sold seven of the Liberty bonds and had on hands three Liberty bonds, giving the dates of the sale and amount realized. Appellee insists that the book kept by Walker is not competent evidence because it was not shown that the entries in that book were made simultaneously with the transaction which they purport to evidence. There is no evidence to the contrary and there is conclusive evidence that the book was one of original entry kept by Walker, showing the full account of Mrs. McNeal with reference to the Liberty bonds. There is also evidence showing the exchange of the Murray note for the Liberty bonds by Walker. These facts added to this stipulation by the parties were sufficient, it appears to the court, to establish the contention of appellant, executor of Walker, that the $1,000.00 Murray note was converted into Liberty bonds and the Liberty bonds were cashed from time to time as the necessities of Mrs. McNeal arose. The trial court should, therefore, have found that Walker accounted to Mrs. McNeal for the Murray note and dismissed the petition of her executor. The commissioner, to whom the matter was referred and who heard the evidence, so found. The trial judge sustained exceptions to the report of the commissioner and entered judgment for the executor of Mrs.

McNeal. This was error. Judgment reversed, with directions to enter a judgment in conformity to this opinion.